# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RONALD B. PALMER, SHERRY L. PALMER | § § § | |
| v. | § § | Civil Action No. 4:15-CV-657 (Judge Mazzant/Judge Nowak) |
| KENNETH PAXTON, JR., ATTORNEY GENERAL OF TEXAS, ET AL. | § § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 25, 2016, the report of the Magistrate Judge (Dkt. #33) was entered containing proposed findings of fact and recommendations that Defendants the State of Texas, Kenneth Paxton, Jr., the Honorable Margaret Barnes, and the Honorable Jonathan Bailey's (collectively "Defendants") Motion to Dismiss (Dkt. #11) be denied as moot and Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. #29) be granted. Having received the report of the Magistrate Judge (Dkt. # 33), having considered each of Ronald B. Palmer's ("Mr. Palmer") and Sherry L. Palmer's ("Ms. Palmer") (collectively "Plaintiffs") objections (Dkt. #38),[1] Defendants' Response to Plaintiffs' objections (Dkt. #39), and Plaintiffs' Motion to

---

[1] Plaintiffs file alongside their objections a Motion Requesting Additional Pages (Dkt. #37), in which Plaintiffs seek leave to file objections in excess of the page limits prescribed by the Court's Local Rules. The Court's Local Rules provide that "[o]bjections to reports and recommendations . . . may not exceed eight pages" where the report and recommendation regards a dispositive motion unless the objecting party seeks leave of court. E.D. Tex. Local Rule CV-72(c). Further, Local Rule CV-6 provides that "[w]hen a party may or must act within a specified time after service, three days are added after the period would otherwise expire under Fed. R. Civ. P. 6(a)." E.D. Tex. Local Rule CV-6(a). This extension applies to the Magistrate Judge's report and recommendation, which, by its terms requires response "[w]ithin fourteen days of service of [same]" upon the objecting party (Dkt. #33). *Id.* *Pro se* Plaintiffs acknowledged receipt of the Magistrate Judge's report and recommendation on August 29, 2016 (Dkt. #34). Accordingly, Plaintiffs had until September 15, 2016 to file their objections. *Id.* Plaintiffs filed their thirty-eight pages of objections (and twenty-three pages of affidavits) alongside their Motion Requesting Additional Pages on September 9, 2016 (Dkt. #37). The Court finds that Plaintiffs timely filed their objections and properly

Amend Plaintiffs' Response to Defendants' Second Motion to Dismiss (Dkt. #35), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #33) as the findings and conclusions of the Court.

## BACKGROUND

Plaintiffs filed this suit on September 25, 2015 (Dkt. #1) but later amended their pleadings, first on October 28, 2015 (Dkt. #10), and once again on February 18, 2016 (Dkt. #24). Plaintiffs' live pleading, the Second Amended Complaint (hereinafter "Complaint") (Dkt. #24) seeks (i) declaratory judgment regarding the alleged unconstitutionality of certain Texas Family Code provisions, (ii) injunctive relief precluding Defendants (and all Texas state court judges) from taking any action pursuant to the challenged statutes, and (iii) the convening of a three-judge panel to hear Plaintiffs' case (Dkt. #24). Plaintiffs allege they are subject to the continuing jurisdiction of the Denton County Courts as a result of their respective divorces and concomitant suits affecting parent-child relationship ("SAPCR") (Dkt. #24 at 11-13). Defendant Honorable Margaret Barnes of the 367th Judicial District Court of Denton County, Texas, presided over Mr. Palmer's SAPCR (Dkt. #24 at 4). The Honorable Jonathan Bailey of the 431st District Court of Denton County, Texas, presided over Ms. Palmer's SAPCR (Dkt. #24 at 4), as well as a modification proceeding commencing in 2009 and terminating in 2012, which resulted in a new agreed parenting plan (Dkt. #24 at 13).

While Plaintiffs' Complaint alleges no ongoing modification or other pending proceeding in either of Plaintiffs' respective SAPCRs, Plaintiffs argue that any party to the SAPCR "[could] file for modification" of the respective parenting plans at any time (prior to June 2017, when the

---

sought leave of court to file excess pages. The Court grants Plaintiffs' request to file excess pages and considers the entirety of Plaintiffs' objections herein.

children subjects of the SAPCRs reach the age of majority), and that the "Texas Family Code requires nothing more than a written finding [from the court of continuing jurisdiction] stating its actions are in the best interest of the child" to justify the judge's "deny[ing] any and all fundamental parental rights to either parent and/or the child[]" (Dkt. #24 at 14). A SAPCR filing, the Complaint argues, "effectively terminates all parental and child rights in favor of a state determination of a child's best interest without any requirement to give the parent's determinations any weight[,]" and amounts thereby to a violation of the parent's alleged constitutional rights to determine how best to raise his or her child (Dkt. #24 at 14-15). Plaintiffs point to Ms. Palmer's past experiences during the 2009-2012 modification proceedings to demonstrate the type of injury Plaintiffs fear they could face in commencing any new modification proceedings or would face if another party in either SAPCR did so (*see* Dkt. #24 at 13) (alleging Ms. Palmer was "denied care, custody, control, and possession at multiple times for constitutionally significant periods of time based solely on temporary order and without a deprivation hearing where she could contest state authority to act"). Plaintiffs assert they "have suffered severe damages" from the past proceedings in their respective SAPCRs including money damages, chilled speech within and outside the family, and fear of retaliation by state officials in their SAPCRs and other legal proceedings (*see* Dkt. #24 at 8-10).

On November 19, 2015, Defendants filed a Motion to Dismiss (Dkt. #11) pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (the "First Motion to Dismiss"). Plaintiffs responded on November 25, 2015 (Dkt. #13); on December 4, 2015, Defendants filed a Reply (Dkt. #16); and on December 17, 2015, Plaintiffs filed a Sur-Reply (Dkt. #19). Subsequent to these filings, Plaintiffs filed their live Complaint (Dkt. #24), and on March 3, 2016, Defendants filed a Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. #29) reurging those

3

arguments in the First Motion to Dismiss and seeking dismissal of each and every one of Plaintiffs' claims. Plaintiffs filed a Response on March 11, 2016 (Dkt. #30). The Magistrate Judge entered a report and recommendation on August 25, 2016, recommending Defendants' First Motion to Dismiss be denied as moot and Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint be granted (Dkt. #33). Subsequently, Plaintiffs filed their Motion to Amend Plaintiffs' Response to Defendants' Second Motion to Dismiss (Dkt. #35) on September 8, 2016, and their Motion Requesting Additional Pages (Dkt. #37) and objections (Dkt. #38) on September 9, 2016. Defendants filed their Response to Plaintiffs' objections on September 27, 2016 (Dkt. #39). The Court considers each of these pleadings herein.

**ANALYSIS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). As a threshold matter, the Court takes note that "Plaintiffs have attempted to object to every finding and recommendation in the Report" (Dkt. #38 at 34).[2] As a result, a number of Plaintiffs' objections are duplicative and repetitive. After reviewing Plaintiffs' filing, the Court discerns that Plaintiffs object (1) to the use of a Magistrate Judge in this case and the statutory requirement that parties lodge specific objections to the Magistrate Judge's report and recommendation, and also (2) to the Magistrate Judge's findings that Plaintiffs have (a) no

---

[2] Plaintiffs indicate in their objections that their Complaint "addresses the Rooker-Feldman doctrine" and argue that "the State fails to reference any active state litigation that would invoke this doctrine" as well as that "Plaintiffs are not attacking their existing orders through this federal [C]omplaint" (Dkt. #38 paras. 25-26, 85). Further, Plaintiffs restate their arguments that Defendants are entitled to no immunity (Dkt. #38 at 9-10, paras. 27-28). The Magistrate Judge did "not address the applicability of the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, and/or Plaintiffs' failure to state a claim[,]" as the Magistrate Judge found that "Plaintiffs lack standing to assert their claims" (Dkt. #33 at 18; *see also* Dkt. #39 at 3). As such, the Court finds the assertions in Plaintiffs' objections addressing such arguments misplaced and considers those assertions no further. *See* 28 U.S.C. § 636(b)(1)(C) (requiring that parties object, if at all, to "portions of the report or specified proposed findings or recommendations").

standing generally, (b) no standing under the overbreadth doctrine, and/or (c) no right to relief under the Declaratory Judgment Act. Defendants respond that "Plaintiffs' objections, and the attached exhibits, do not correct the deficiencies pointed out in the Magistrate Judge's Report" regarding Plaintiffs' standing, as "Plaintiffs' objections allege past injury and hypothetical future injuries" that are "'merely speculative'" (Dkt. #39 at 2-3). The Court addresses each of Plaintiffs' objections in turn.[3]

*Objection 1: Use of Magistrate Judge and Requirement to Object Specifically*

Plaintiffs object to the Court's "use of a magistrate judge[,]" arguing that "it is improper for any Magistrate to rule on these issues or to filter the issues for a full Article III judge" (Dkt. #38, paras. 1-3). Plaintiffs assert that the Court "has created unnecessary delay by operating counter to these objections" and that any ruling in this case (whether for or against Plaintiffs) likely will be appealed (Dkt. #38, paras. 2-3). In like manner, Plaintiffs object to the statutory requirement to object specifically to the Magistrate Judge's findings (Dkt. #38, para. 100). Plaintiffs contend that this requirement is unfair given that "the findings and recommendations are not numbered or indexed in any way that provides for thorough review and certainty of a response" (Dkt. #38, para. 100).

The Federal Magistrates Act, 28 U.S.C. § 636, permits "a [full Article III] judge [to] designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain dispositive motions]" and further permits a judge [to] designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the

---

[3] Plaintiffs also generally "object to all conclusions and recommendations based on the . . . reasons [presented throughout Plaintiffs' objections]" (Dkt. #38 para. 99). Plaintiffs' sweeping assertion exemplifies the sort of "general objection[]" that the Fifth Circuit has held district courts "need not consider[.]" *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc). Notwithstanding this deficiency, the Court has undertaken and performed a de novo review of the Magistrate Judge's report and recommendation herein.

5

disposition, by a judge of the court, of any [of those excepted] motion[s] . . . ." 28 U.S.C. § 636(b)(1)(A)-(B) (2012). The Court's Local Rules also provide district judges wide latitude in referring matters and motions for a magistrate judge's review. E.D. Tex. Local Rule CV-72(d). A magistrate judge may, therefore, recommend disposition of a motion to dismiss to the district judge, who will then conduct a de novo review of those portions of the recommendation to which parties raise specific, timely objection. *Id.* § 636(b)(1)(C). The Fifth Circuit has repeatedly recognized the statutory authority to designate a magistrate judge and has roundly upheld the requirement to file such timely, specific objections. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

Here, the Magistrate Judge made a recommendation as to Defendants' Motion to Dismiss. The Magistrate Judge acted within the bounds of statutory authority in issuing such report and recommendation, *id.*, and the Court now properly reviews those portions of the Magistrate Judge's report and recommendation to which Plaintiffs raise specific, timely objection. The Court, therefore, overrules this objection.

*Objection 2:   Magistrate Judge's Findings*

Plaintiffs also object vehemently to the Magistrate Judge's findings that Plaintiffs allege no injury in fact that would establish standing—either under general principles of standing or under the overbreadth doctrine—or entitle them to declaratory or injunctive relief under the Declaratory Judgment Act. Again, Plaintiffs maintain in the Complaint, and now in their objections, that their injuries arise from the state's classifying them as "conservators" (rather than as "parents") because, as Plaintiffs allege, this classification exposes them to the state's inquiry into the "best interests of the child" whenever a party makes a SAPCR filing (*e.g.*,

Dkt. #38, paras. 5-15, 18-20, 41, 91-93). Plaintiffs claim that their past damages as well as their ongoing and future fears and chilled speech all arise from this "invidious classification" that the Texas Family Code imposes upon them (*see* Dkt. #38, paras. 4-24, 29-41, 48-49, 63-64, 72, 76, 78-84, 86-87, 90-93, 95-97). Plaintiffs assert that the injury caused by the Texas Family Code vis-à-vis the conservator classification arises with "every filing of a SAPCR . . . and [with] every filing to modify a SAPCR" (Dkt. #38, para. 21), and seek declaratory and injunctive relief that would prevent, *inter alia*, Texas courts' use of this classification system (Dkt. #24, paras. 15-21, 23, 25-27).[4]

However, against this backdrop, Plaintiffs also admit time and again that in the instant lawsuit (1) they are not intending to assert the rights of others (at this juncture) (Dkt. #38, paras. 72, 77), (2) they are not asserting claims based on past injuries (Dkt. #38, para. 26), (3) they are not attacking existing orders (Dkt. #38, para. 26), and that (4) they are seeking prospective relief from the Court (Dkt. #38, para. 29). Plaintiffs further acknowledge, as to their prospective relief, that no modification or other filing has been made, is pending, or is otherwise outstanding in either SAPCR to which Plaintiffs are subject (*see* Dkt. #38, paras. 5, 16, 22-23, 61-62, 70, 72, 87, 90-93, 95). Plaintiffs only have an intent to make a filing at some later, future date. By way of example, Plaintiffs state that they are "with absolute, imminent certainty" planning on "filing a modification as soon as they receive relief from this court" (Dkt. #38, paras. 5, 16), that their "intent to file for modification . . . depends . . . upon the outcome of this hearing[,]" that they "intend within forty-five (45) days following an order from this court supporting [their purported

---

[4] Plaintiffs object to the Magistrate Judge's summary of the requested relief and claim generally that the Magistrate Judge "took snippets [of Plaintiffs' allegations] out of context to deny standing" (Dkt. #38, para. 75, 89). The Court thoroughly reviewed Plaintiffs' Complaint against the Magistrate Judge's report and recommendatin, however, and finds that the Magistrate Judge's summary accurately and concisely restates Plaintiffs' claims for relief (*compare* Dkt. #24, paras. 15-21, 23, 25-27, *with* Dkt. #33 at 4-7). Further, Plaintiffs' objections fail to identify or otherwise make clear these "snippets" to which Plaintiffs object (Dkt. #38, para. 89).

rights] to file [in state court to vindicate those rights,]" and that "[t]his is as definite as Plaintiffs can make it" (Dkt. #38, paras. 72, 90).

If a party lacks standing to pursue claims before a court, the court lacks jurisdiction over those claims. *See United Food & Comm. Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 550 (1996). To establish standing, a party must demonstrate that (1) it has suffered an injury in fact (2) the challenged conduct caused the injury, and (3) there is "a likelihood that the injury will be redressed by a favorable decision." *Id.*; *see also Hotze v. Burwell*, 784 F.3d 984, 992-93 (5th Cir. 2015). Only those "concrete and particularized, . . . [and] actual or imminent, not 'conjectural' or 'hypothetical,'" injuries will suffice to meet the injury in fact requirement. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992) (citations omitted). To prove actual injury, a party "must show that [it] 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged . . . conduct." *City of L.A. v. Lyons*, 461 U.S. 95, 101-02 (1983) (citations omitted). Past injury will not suffice to make this showing "if unaccompanied by . . . continuing, present adverse effects." *Id.* One may not obtain injunctive or declaratory relief, for example, absent "continuing harm or a real and immediate threat of repeated injury in the future." *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992) (citing *Ashcroft v. Mattis*, 431 U.S. 171 (1977) (per curiam) and *Golden v. Zwickler*, 394 U.S. 103 (1969). In other words, where a party's allegation of injury relies on "fortuitous circumstance" to become concrete, courts have no power to award declaratory or injunctive relief to remedy the alleged injury. *Zwickler*, 394 U.S. at 107-08; *Lyons*, 461 U.S. at 104.

In this same vein and pertinent here, a party cannot rely on its "mere profession of an intent, some day, to [take action that would give rise to the alleged injury]." *Lujan*, 504 U.S. 564 n.2. This is so even where the party's "proposition"—that the party (or some other entity) will

8

take some action to injure the party—is "entirely reasonable." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 184 (2000) ("Here, in contrast [to *Lyons*], it is undisputed that [the defendant's] unlawful conduct . . . *was occurring at the time the complaint was filed*. . . . [Thus], the only subjective issue [left] is the reasonableness of the fear that led the affiants to respond to that *concededly ongoing* conduct by [suffering the complained-of injury]." (internal quotations and alterations omitted) (emphasis added)). Just as courts would "demand evidence that third persons will take . . . action exposing the [party] to [the alleged] harm" where "third-party-caused contingency" is at play, courts will not find an injury in fact where the party alleging injury "fail[s] to show that [it] will soon expose [itself] to the injury[.]" *Id.* Critically, and as noted, a party's bald declaration of intent to take action that would give rise to the alleged injury will not suffice as such evidence. *Id.*; *see also Hotze*, 784 F.3d at 992-93 (citing *Nat'l Fed'n of the Blind of Tex., Inc. v. Abbot*, 647 F.3d 202, 209 (5th Cir. 2011) for the proposition that "standing is not created by a declaration in court pleadings"). And though a similar past injury will stand as "evidence bearing on 'whether there is a real and immediate threat of repeated injury[,]" *Lyons*, 461 U.S. at 102, the threat of the alleged injury still must be sufficiently certain to "reduce the possibility of deciding a case in which no injury would have occurred at all[,]" *Lujan*, 504 U.S. at 564 n.2. *See Zwickler*, 394 U.S. at 109 (requiring "sufficient immediacy and reality" in the allegation of injury); *Brown & Root, Inv. v. Big Rock Corp.*, 383 F.2d 662, 666 (5th Cir. 1967) ("[I]t is not the function of a . . . Court to sit in judgment on . . . questions which today may readily be imagined, but may never in fact come to pass.").

Likewise, where a party challenges a statute's constitutionality under the overbreadth doctrine—alleging "that the statute's very existence may cause others not before the court to

9

refrain from constitutionally protected speech or expression"—the party "must establish [some] injury under a particular provision of a [statute] that is validly applied to its conduct, then assert a facial challenge . . . to vindicate the rights of [those not before the court]." *Nat'l Fed'n of the Blind of Tex., Inc.*, 647 F3d at 210 (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973) and *SEIU, Local 5 v. City of Hous.*, 595 F.3d 588, 598 (5th Cir. 2010)). As the Magistrate Judge noted, "[t]he overbreadth doctrine [therefore] does not relieve [parties] from establishing Article III standing [but instead] allows [parties] to bring a facial challenge to the provision of the law that caused their injury-in-fact." *Hous. Balloons & Promotions, LLC v. City of Hous.*, 589 F. Supp. 2d 834, 846 (S.D. Tex. 2008) (citing *Sec. of State of Md. v. Joseph H. Munson Co., Inc.*, 467 U.S. 947, 958 (1984)). In any case, the overbreadth doctrine is "no cure for [other] Article III defect[s]" such as mootness or ripeness. *Koger v. Dart*, 114 F. Supp. 3d 572, 577 (N.D. Ill. 2015); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 754 (5th Cir. 2010) (Although "[i]n First Amendment facial challenges, federal courts relax the prudential limitations . . . Article III standing retains rigor even in an overbreadth claim.").

Further, the injury-in-fact analysis is part-and-parcel of the "actual case or controversy" inquiry that encapsulates the courts' many prudential limits—"standing, mootness, ripeness, political question, and the like"—on judicial review. *See Roark & Hardee L.P. v. City of Austin*, 522 F.3d 533, 541-42 (5th Cir. 2008). Such inquiry undergirds a federal court's declaration of "rights and other legal relations" under the Declaratory Judgment Act, which, like standing, requires the presence of an "actual controversy." 28 U.S.C. § 2201(a); *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993); *see also Zwickler*, 394 U.S. at 110 ("No federal court . . . has jurisdiction to pronounce any statute, either of a state or of the United States, void,

because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies." (citations and internal quotations omitted)).

In the present case, Plaintiffs' Complaint reflects four (4) categories of alleged injury: (i) Past Injuries (those monetary damages and other ill effects of prior SAPCR proceedings, including the 2009-2012 modification proceeding in which Ms. Palmer participated); (ii) Ongoing Injuries (the fear and incidental "chilled speech" inside and outside the family created by anticipation of modification proceedings that Plaintiffs anticipate other parties subject to their respective SAPCRs might commence); (iii) Future Injuries (the same fear and chilled speech, but created by anticipation of modification proceedings that Plaintiffs may initiate); and (iv) Others' Injuries (those injuries other parties not before the Court in this litigation do or may face when they become parties to a SAPCR in Texas) (*see* Dkt. 38, para. 48).[5]

Regarding Plaintiffs' Past Injuries, Plaintiffs have failed to demonstrate any injury sufficient to confer standing or to entitle them to declaratory judgment. The Past Injuries occurred at some point (or throughout) the 2009-2012 modification proceeding in Ms. Palmer's SAPCR (*see* Dkt. #24 at 13). These alleged injuries cannot alone support standing, for they are not injuries that form a part of any present case or controversy. *See Lyons*, 461 U.S. at 101-02. And, in any case, Plaintiffs expressly state that they "are not asserting past injury as the basis for injunctive and declaratory relief and are not seeking to alter any existing orders through this federal complaint" (Dkt. #38, para. 26). Accordingly, the Court agrees with the Magistrate

---

[5] Plaintiffs also allege injury through Defendants' use of the Denton County Standing Order, and reurge that injury in their objections (Dkt. #38, para. 95). Though Plaintiffs clarify in their objections that they assert injury vis-à-vis the Standing Order only for themselves (i.e., not as Others' Injuries), this injury as alleged would constitute a Past Injury, as well as an Ongoing and Future Injury (Dkt. #19 at 4; Dkt. #19-1 at 2 ("[T]his order is a standing order that applies in every divorce suit and every [SAPCR], including a suit for modification or enforcement of prior order, filed in Denton County, Texas.")). As a result, the Court considers the alleged injuries arising from the Standing Order under each of the categories of Past Injuries, Ongoing Injuries, and Future Injuries.

Judge that the Past Injuries may not serve as bases for awarding the injunctive or declaratory relief Plaintiffs seek (Dkt. #33 at 14). *See Soc'y of Separationists, Inc.*, 959 F.2d at 1285.

Considering the Ongoing and Future Injuries independently and also collectively, the Court agrees with the Magistrate Judge that Plaintiffs also have failed to demonstrate an injury sufficient to confer standing or to entitle them to declaratory or injunctive relief (Dkt. #33 at 14-18).[6] With respect to Plaintiffs' Ongoing Injuries, Plaintiffs have made clear that they do not seek to attack existing orders in this litigation (Dkt. #38, para. 26). Instead, Plaintiffs point to their fear of losing their purported fundamental right to determine the best interests of their children (exclusive of the state's interference). Plaintiffs argue this fear chills speech both inside and outside Plaintiffs' home (Dkt. #38, paras. 22-24, 30-33, 41, 61-62, 66-67, 86, 91-93, 95). Plaintiffs argue that their fear and chilled speech arise from their status as "conservators" under Texas law, and that this status itself, along with Plaintiffs' fear and chilled speech, constitute Ongoing and Future Injuries for which Plaintiffs seek injunctive and declaratory relief (Dkt. #38, paras. 5-15, 17-20, 24, 31-41, 49, 59, 61-62, 64, 66-67, 77-80, 86, 87).[7] Plaintiffs assert that these Ongoing and Future Injuries constitute injuries in fact that establish standing and entitle them to declaratory and injunctive relief (Dkt. #38, paras. 29, 48, 81-84, 96-97). In addition, as to Plaintiffs' Future Injuries, Plaintiffs have claimed variously that "Plaintiffs *intend* to file a modification of their respective parenting plans" but have not yet done so, and that they "have

---

[6] The Court analyzes Plaintiffs' alleged Ongoing Injuries alongside Plaintiffs' alleged Future Injuries because, aside from the timing of the alleged injuries, the two largely are the same.

[7] Plaintiffs object that the Magistrate Judge did not include in the report and recommendation any indication that Plaintiffs are "conservators" under Texas law or that, by virtue of this fact, Plaintiffs "are subject to having their fundamental rights limited based on nothing more than a judge's opinion of their child's best interest" (Dkt. #38, para. 74). Plaintiffs merely overlook the Magistrate Judge's statement in the report and recommendation that "Plaintiffs contend that the 'Texas Family Code requires nothing more than a written finding stating its actions are in the best interest of the child for the . . . judge to deny any and all fundamental parental rights to either parent . . . (citing Tex. Fam. Code § 153.072)" (Dkt. #33 at 3). *See* Tex. Fam. Code § 153.072 ("The court may limit the rights and duties of a parent appointed as *conservator* if the court makes a written finding . . . ." (emphasis added)). Further, the Magistrate Judge's standing analysis expressly considers these proffered facts (Dkt. #33 at 15-16). The Court overrules this objection.

stated their *intent* to proceed with an action in state court" pending the Court's judgment in Plaintiffs' favor (Dkt. #38, paras. 61-62 (emphasis added); *see, e.g.*, Dkt. #38, paras. 22-23, 72, 90-93, 95). Plaintiffs argue that this intent is concrete *because* they repeatedly claim that they will file for modification "within 45 days from when this federal court rules in Plaintiff's favor on this complaint absent appeals or staying of the orders" (Dkt. #38, para. 16).

None of these purported Ongoing or Future Injuries, however, constitute a "continuing harm" independent of some other action: in order for the alleged injuries to inhere, another SACPCR party (or Plaintiffs) must file for modification in either of the respective SAPCRs. Alleged injuries like these, which depend upon the chance happening of some future event to become concrete or imminent, will not suffice to establish Article III standing. *See, e.g.*, *Lyons*, 461 U.S. at 101-02; *Zwickler*, 394 U.S. at 107-08. Plaintiffs' allegations offer nothing more than their own "mere profession of an intent" to file for modification and offer no evidence or assertion whatsoever that any other SAPCR party will seek modification or otherwise proceed against Plaintiffs in their respective SAPCRs; such intent and/or allegation of "third-party-caused contingency" without proof that the intent will be effected or the contingency realized cannot alone establish injury in fact. *Lujan*, 504 U.S. at 564 n.2; *see Hotze*, 784 F.3d at 992-93. Plaintiffs' assertions do not "reduce the possibility" that the Court will impermissibly decide "a case in which no injury would have occurred at all[,]" *Lujan*, 504 U.S. at 564 n.2, even though they arguably lend support to the idea that Plaintiffs could face more SAPCR proceedings at some point in the future, *see Lyons*, 461 U.S. at 102.

To the extent that Plaintiffs allege that their Past Injuries contribute to or form the basis of Plaintiffs' Ongoing or Future Injuries, the Court finds, as well, that Plaintiffs fail to demonstrate an injury sufficient to confer standing or to entitle Plaintiffs to their requested relief.

Plaintiffs assert myriad injuries arising from their status as conservators under Texas family law (*see, e.g.*, Dkt. #38, para. 48) but provide precious few concrete examples of such injuries. Scouring the record, the Court finds the following complaints of past actions and/or events that allegedly contributed to Plaintiffs' Ongoing and Future Injuries: Plaintiffs' allegation that Plaintiffs were classified as "'conservators' based on a change in their marital status" (Dkt. #38, para. 35), Plaintiffs' allegation that their respective "divorce[s] forced them into . . . SAPCR [proceedings]" (Dkt. #38, para. 80); Plaintiffs' allegation that "[Ms. Palmer] was punished for exercising her political beliefs during one of her hearings where she was asked what she wore to the police station" (Dkt. #38, para. 86)[8]; and Plaintiffs' allegation that "Judge Bailey stated in open court . . . that the reason he was taking Ms. Palmer's children from her was specifically because she spent too much time on her court case" (Dkt. #38, para. 92). Plaintiffs assert that these past actions and/or events are ongoing vis-à-vis the chilling effects that arise out of the "conservator" classification, as well as through the classification itself (*see, e.g.*, Dkt. #38, paras. 36 (alleging Ms. Palmer "has been forced to allow things from that child that she would not otherwise allow"), 87 (alleging "the classification of conservator . . . and the chilling effects . . .

---

[8] Generally, one's choice of clothing does not constitute "speech" protected by the federal Constitution's First Amendment absent some message displayed on the clothing itself, or surrounding circumstances that would indicate the wearer intended for the clothing—or lack thereof—to constitute some message. *See,e.g.*, *Brandt v. Bd. of Educ. of Chic.*, 480 F.3d 460, 465-66 (7th Cir. 2007) (citing *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 507-08 (1969)) (noting that "clothing as such is not—not normally at any rate—constitutionally protected expression" while recognizing that "[m]erely wearing clothes inappropriate to a particular occasion . . . [or] parading in public wearing no clothing at all can, depending on the circumstances, convey a . . . message" protected under the First Amendment); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 285 (5th Cir. 2001) (noting that one's choice of clothing might amount to expression protected by the First Amendment in certain contexts). In any event, "'[a]n intent to convey a particularized message . . . , and . . . [a] likelihood . . . that the message [will] be understood by those who view[] it" need be demonstrated where a party alleges that "particular conduct possesses sufficient communicative elements to bring the First Amendment into play[.]" *Texas v. Johnson*, 491 U.S. 397, 404 (1989). Although Plaintiffs arguably alleged Ms. Palmer's intent to convey a message—"[Ms. Palmer] was punished for exercising her political beliefs . . . [when] asked what she wore to the police station"—the record contains no allegations that would allow the Court to discern the likelihood that Ms. Palmer's message was received, such as what she wore when she visited the police station, or what circumstances surrounded that visit. As such, Plaintiffs fail sufficiently to allege a past violation of First Amendment rights that would give rise to any of Plaintiffs' Ongoing Injuries. *See, e.g.*, *Johnson*, 491 U.S. at 405 (requiring that courts consider context in evaluating claims that expressive speech occurred vis-à-vis one's conduct) (citing *Spence v. State of Wash.*, 418 U.S. 405, 410 (1974)).

stand alone as an injury-in-fact"); *see also* Dkt. #38, paras. 22-23, 61-62, 72, 90-93, 95). Such allegations suffer from the same defects as those based independently on the alleged Ongoing and Future Injuries, namely that they are effected only by some speculative future event—some potential, possible filing or modification proceeding in either of Plaintiffs' respective SAPCRs. *See, e.g.*, *Lyons*, 461 U.S. at 102; *Friends of the Earth*, 528 U.S. at 184.

To be sure, "it is not necessary that [plaintiffs] first expose [themselves] to actual [abridgement of their rights] to be entitled to challenge a statute that [they] claim[] deters the exercise of [their] constitutional rights" in the form of chilling their speech. *Justice v. Hosemann*, 771 F.3d 285, 291 (5th Cir. 2014) (internal quotations and citations omitted). But to demonstrate standing in such context, plaintiffs must show "more than a 'subjective chill'—that is, that [they are] seriously interested in disobeying [the statute], and the defendant seriously intent on enforcing [it]." *Id.* Plaintiffs' allegations that they will file to vindicate their purported rights "within forty-five (45) days following an order from this court" belie such intent: indeed, their pleadings and objections demonstrate that they intend not to file in either SAPCR absent a favorable decision here or on appeal (*see, e.g.*, Dkt. #38, para. 16). Their allegations of harm otherwise *wholly depend upon* events that may never occur, i.e., their fear that another party will file for modification or other proceeding in either of the respective SAPCRs (*see, e.g.*, Dkt. #38, para. 22-23, 36, 87). Plaintiffs allege nothing more than a "subjective chill" of their speech: their filings demonstrate their subjective fear of disobeying—not their intent to disobey—any of the statutes they allege are unconstitutional.

Given the uncertainty surrounding Plaintiffs' alleged Future Injuries and the speculative bases of Plaintiffs' alleged Ongoing Injuries, the Court agrees with the Magistrate Judge that Plaintiffs fail to allege an injury in fact sufficient to establish standing (Dkt. #33 at 17-18). The

Court agrees, as well, that Plaintiffs fail to allege facts that would establish standing vis-à-vis the overbreadth doctrine, given that this doctrine, too, requires demonstrable injury in fact (Dkt. #33 at 18-20). *See, e.g.*, *Fairchild*, 597 F.3d at 754. And for the same reasons, the Court finds that Plaintiffs may receive no injunctive or declaratory relief for the alleged injuries. *See, e.g.*, 28 U.S.C. § 2201(a); *Zwickler*, 394 U.S. at 110. The Court agrees, too, that Plaintiffs' claims regarding the Past, Ongoing, and Future Injuries "have not ripened" (Dkt. #33 at 18 n.6) in light of the fact that Plaintiffs' claims "involve 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 579-80 (1985). As Defendants aptly point out in their response to Plaintiffs' objections, "[a]bsent from Plaintiffs' objections, and their second amended complaint, is any injury that has been caused by any named defendant in this proceeding" (Dkt. #39 at 2).

Finally, the Court does not reconsider the Magistrate Judge's findings with regard to Plaintiffs' standing as to Others' Injuries. The Magistrate Judge concluded that "Plaintiffs lack standing to challenge the[] statutes in a manner that implicates legal interest not their own" (Dkt. #33 at 13), in response to Plaintiffs' assertion that Plaintiffs "bring these actions on their own behalf and on behalf of all fit parents in Texas who are now subject to this state policy or who may become subject to this state policy as a result of nothing more than the filing of a SAPCR" (Dkt. #24 at 10). Plaintiffs did not articulate an objection to this conclusion but rather merely indicated that they "make this statement NOT to assert standing . . . but . . . because Plaintiffs have read Supreme Court opinions where mootness was overcome simply by including such a statement" (Dkt. #38, paras. 71, 77). In light of the foregoing, the Court overrules this objection.

## MOTION TO AMEND PLAINTIFFS' RESPONSE

Plaintiffs also filed a Motion to Amend Plaintiffs' Response to Defendants' Second Motion to Dismiss (Dkt. #35). Plaintiffs assert therein that, in responding to Defendants' Second Motion to Dismiss, Plaintiffs "intended for the Court to refer back to [Plaintiffs' Response to Defendants' Motion to Dismiss, hereinafter "Plaintiffs' First Response"] and to use the arguments therein to counter Defendants' Second Motion to Dismiss" (Dkt. #35 at 1). Plaintiffs contend that the Magistrate Judge did not consider the arguments in Plaintiffs' First Response in the report and recommendation because the Magistrate Judge indicated therein that Plaintiffs' First Response "substantively addresses Defendants' standing arguments'" (Dkt. #35 at 2). As a result, Plaintiffs seek leave to file an amended response that reincorporates the First Response's arguments (Dkt. #35 at 2). Plaintiffs misread the Magistrate Judge's statement, which merely notes that, while Plaintiffs' Response to Defendants' Second Motion to Dismiss does not address Defendants' standing arguments, Plaintiffs' First Response does, and that "[t]he Court considers *each* of Plaintiffs' responses [in the report and recommendation]" (Dkt. #33 at 11 n.4) (emphasis added). The Magistrate Judge considered all of Plaintiffs' arguments asserted in both the First Response and Plaintiffs' Response to Defendants' Second Motion to Dismiss. In light of the foregoing, the Court finds that Plaintiffs' Motion to Amend Plaintiffs' Response to Defendants' Second Motion to Dismiss (Dkt. #35) should be denied.

## CONCLUSION

Having considered each of Plaintiffs' objections (Dkt. #38) and Defendants' Response to Plaintiffs' objections (Dkt. #39), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #33) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss (Dkt. #11) be **DENIED** as moot, that Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. #29) be **GRANTED**, and Plaintiffs' claims be **DISMISSED** without prejudice.

It is further **ORDERED** that Plaintiffs' Motion to Amend Plaintiffs' Response to Defendants' Second Motion to Dismiss (Dkt. #35) be **DENIED**, and that Plaintiffs' Motion Requesting Additional Pages (Dkt. #37) be **GRANTED**.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

 **SIGNED this 29th day of September, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE